IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY JOSEPH PARMAR, | : | 1:12-cv-1314 |
| Petitioner, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CRAIG A. LOWE, Warden, Pike County | : | |
| Correctional Facility; THE DEPARTMENT | : | |
| OF HOMELAND SECURITY; and | : | |
| IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT, | : | |
| Respondents. | : | |

## MEMORANDUM

### August 21, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

On July 9, 2012, Petitioner Joy Joseph Parmar ("Petitioner") filed, through counsel, an Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241(c)(3). For the reasons that follow, we shall dismiss the Petition for lack of jurisdiction.

I.   BACKGROUND

Petitioner, a native and citizen of India, is currently detained at the Pike County Correctional Facility by Immigration and Customs Enforcement ("ICE"), a branch of the Department of Homeland Security. The circumstances alleged to

have given rise to the Petitioner's detention and impending deportation are as follows. In 1989, Petitioner entered the country on a tourist visa which expired on August 25, 1991. Petitioner did not depart the United States by that date. In 1994, Petitioner filed an application for asylum, which was denied on September 15, 1997. Petitioner was then charged as removable pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act ("the INA"), as an alien removable for violating his authorized period of stay in the United States.

On September 29, 1997, Petitioner was served with a notice to appear for a hearing scheduled December 2, 1997. Petitioner did not appear at that hearing, and was ordered removed *in absentia*. Following this proceeding, Petitioner filed a *pro se* motion to reopen, which was denied on February 11, 1998. Petitioner then obtained the services of counsel. Counsel filed an appeal of the removal order, which was denied by the Board of Immigration Appeals ("BIA").

Thereafter, on May 14, 2012, Petitioner was arrested in Orange County, New York, for possession of a forged instrument. A few days after his arrest, the Department of Homeland Security took Petitioner into custody on the removal order from 1997. On June 3, 2012, Petitioner filed an application for stay of deportation or removal, which was denied. Subsequent to that denial, the Petitioner filed the instant Petition.

Undergirding the instant Petition is Petitioner's contention that counsel who represented him during the litigation involving the removal order was ineffective. Petitioner complains that counsel failed to properly advise, or even contact him, regarding the option of filing a petition for review of the *pro se* motion to reopen that had been denied in 1998, pursuant to Section 242(b)(1) of the INA.  On this basis, Petitioner seeks an emergency writ of habeas corpus remanding his case to the appropriate administrative court and a stay of removal pending the outcome of Respondent's immigration matter.

After our review of the Petition and the applicable regulations, on July 10, 2012, we issued an Order directing the Petitioner to file an emergency motion for reconsideration or to reopen before the BIA, pursuant to 8 C.F.R. § 1003.2, however we retained jurisdiction over the matter.  Then, on July 29, 2012, Petitioner filed an Emergency Motion for a Temporary Restraining Order (Doc. 3), seeking an Order staying Petitioner's removal from the United States.  We conducted an on the record conference call with the parties following this filing, and entered a temporary restraining order, directing that the Petitioner not be removed by the Bureau of Immigration and Customs Enforcement during the pendency of our determination whether we have jurisdiction to consider the underlying habeas petition.  We ordered expedited briefing on the jurisdictional

issue from the parties (Doc. 6), which has been received. (Docs. 7 and 8). Accordingly, the issue is ripe for our review.

**II.    DISCUSSION**

The REAL ID Act of 2005, Pub. L. No. 109-14, Div. B., 119 Stat. 231 (may 11, 2005), amended the judicial review provisions of the INA to explicitly provide that judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate United States circuit court of appeals, and that no district court has jurisdiction to review such removal orders. *See* 8 U.S.C. § 1252(a)(5). It is now established, therefore, that "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action or proceeding brought to remove an alien from the United States," and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien" under the INA falls within the exclusive jurisdiction the federal courts of appeals.

Here, Petitioner has initiated a 28 U.S.C. § 2241 habeas corpus action requesting this Court issue a writ compelling agency review of his claim for ineffective assistance of counsel in his immigration proceedings, and a stay of removal pending the BIA's review of his claim. Petitioner claims that it would be

4

futile for him to present this claim directly to the BIA because any request made directly to the BIA would be untimely.  However, Petitioner's position fails to recognize that Third Circuit precedent construing the BIA's 180-day time limitation for reopening an order of removal as tantamount to a statute of limitations and therefore subject to equitable tolling.  *See Borges v. Gonzales*, 402 F. 3d 398, 406 (3d Cir. 2005).  Moreover, ineffective assistance of counsel can serve as a basis for equitable tolling if substantiated and accompanied by a showing of due diligence.  *See Mahmood v. Gonzales*, 427 F. 3d 248, 252 (3d Cir. 2005).  We do recognize that the likelihood of the BIA granting an untimely motion to reopen is slim, however it continues to be our view that the Petitioner must fairly present his ineffective assistance of counsel claim to the immigration in the first instance.  In the event that the BIA denies Petitioner's untimely motion to reopen, the Third Circuit, not the district court, has jurisdiction to review the denial.  *See Alzaarir v. Attorney General*, 639 F. 3d 86, 89-90 (3d Ci r. 2011)(noting that the Third Circuit has jurisdiction over BIA's denial of motion to reopen and reviews the same under an abuse of discretion standard).  Additionally, during the aforesaid conference call conducted on August 2, 2012, Petitioner's counsel indicated that he would be filing forthwith a petition to stay removal with the BIA.  Notably then, if the BIA denies this request, any appeal thereof must

also be taken to the Third Circuit.  *See* 8 U.S.C. § 1252(a)(5), (b)(9) and (g).  This is the appropriate procedural course for Petitioner to follow, and there is no basis in law for him to achieve relief in this Court.

Accordingly, based on the foregoing we find that we lack jurisdiction to hear this matter further.  Petitioner must present his claim of ineffective assistance of counsel to the BIA, and if his request for relief is denied, his recourse lies with the Third Circuit, not the District Court.  An appropriate Order shall issue.